# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID PAUL FLICK,

        Petitioner,               Case Number: 2:05-CV-73367

v.                                  HON. MARIANNE O. BATTANI

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner David Paul Flick filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged his conviction for second-degree murder in connection with the death of 8-month-old Daniel McBain. On November 5, 2009, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court is Petitioner's Motion for Reconsideration, filed pursuant to E.D. Mich. L.R. 7.1(g)(3) and Federal Rule of Civil Procedure 60(b). Petitioner argues that reconsideration should be granted because the Court incorrectly applied the actual innocence standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), and because he has shown that trial counsel was ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).

I.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable

defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner also seeks relief under Federal Rule of Civil Procedure 60(b), which authorizes a court to grant a party relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgement has been satisfied, released, or discharged, or a prior judgment upon which is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Petitioner does not specify the subsection pursuant to which he seeks relief from judgment. As Petitioner argues that the Court failed to consider record evidence in support of his ineffective assistance of counsel claim and was misled by a misrepresentation of the facts in this case, the Court concludes that he seeks relief pursuant to subsections (1) and (3). Relief from judgment may be granted pursuant to Rule 60(b)(1) where the Court's judgment was the result of "mistake , inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In this context, "mistake" encompasses legal errors. *See Barrier v. Beaver*, 712 F.2d 231, 233-34 (6th Cir. 1983).

Rule 60(b)(3) "requires fraud by an adverse party to warrant relief from judgment." *Mayhew v. Gusto Record, Inc.*, 69 F. App'x 681, 682 (6th Cir. 2003). In the context of a habeas corpus petition, Rule 60(b)(3) generally allows relief if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings." *Buell v. Anderson*, 48 F. App'x 491, 496 (6th Cir. 2002).

2

**II.**

Petitioner argues that the Court, while citing the correct actual innocence standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), misapplied that standard. "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary'" case. *House v. Bell*, 547 U.S. 518, 537 (2006), *quoting Schlup*, 513 U.S. at 327. "A petitioner's burden at the gateway stage is to demonstrate that, more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Id.* In making this determination a court must, as this Court did, consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (internal quotation marks omitted).

Petitioner argues that the Court incorrectly required him to negate every piece of incriminating evidence against him to satisfy the gatekeeping actual innocence standard. In fact, the question the Court considered was whether the new evidence, the testimony of expert witness Dr. Uscinski, together with the evidence presented at trial, established that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 327. The Court concluded that it did not. Petitioner disagrees with this conclusion, but fails to show that it was based upon a palpable defect or facts that had been misrepresented. Petitioner believes that Dr. Uscinski's testimony would have been the final piece of evidence which swayed the jury to acquit Petitioner. The Court believes otherwise. While Dr. Uscinski's testimony clearly would have benefitted the defense, the Court held that it was not sufficient to make it more likely than not that no reasonable juror would find him guilty

3

beyond a reasonable doubt.  Nothing contained in Petitioner's motion establishes that this finding was the result of a palpable defect, contrary to decisions from the United States Supreme Court, or based upon misrepresented facts.

Next, Petitioner argues that the Court's disposition of his claim that trial counsel was ineffective in failing to conduct an inquiry into the area of Shaken Baby Syndrome was contrary to *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner argues that the Court overlooked several important points: (i) during his deposition, trial counsel admitted being aware of some instances in which toddlers had fallen from shopping carts and died; (ii) also during his deposition, trial counsel stated that insertion of a cause of death of Shaken Baby Syndrome eliminated his defense strategy; and (iii) Dr. Uscinski testified that if he had been called as a witness at Petitioner's second trial he would have testified consistent with his testimony at the evidentiary hearing.  In undertaking the *Strickland* analysis, the Court did not overlook the points highlighted by Petitioner.  The Court concluded that, considering trial counsel's performance, in its entirety, that his representation was not ineffective.  Counsel contacted three experts, none of whom could offer any expert opinion helpful to the defense.  After considering the opinions of the experts, including one expert who characterized the matter as a "case of flagrant child abuse," counsel decided not to call an expert witness or contact any additional witnesses.  The Court considered that some in the scientific community had begun questioning the soundness of the science underlying Shaken Baby Syndrome.  The Court, which must give "'a heavy measure of deference to counsel's judgments,'" concluded that counsel's decision was made after a reasonably diligent investigation, which included asking at least one expert about the relevance of toddler shopping cart injuries to Petitioner's case.  *Brown v. Smith*, 551 F.3d

4

424, 430 (6th Cir. 2008), *quoting Strickland*, 466 U.S. at 690-91.  The argument advanced by Petitioner does not persuade the Court that its decision was based upon a palpable defect, contrary to *Strickland*, or based upon a failure to consider all the evidence before it.

### III.

For the reasons set forth above, **IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all counsel of record via electronic court filing.

s/Bernadette M. Thebolt
Case Manager